UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

N<sup>os</sup> 12-cv-1747, 12-cv-4010 (JFB) (WDW)
_____

LISA PURZAK,

Plaintiff,

VERSUS

LONG ISLAND HOUSING SERVICES, INC., ET AL.,

Defendants.
_____

**MEMORANDUM AND ORDER**
September 13, 2013
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Lisa Purzak ("plaintiff" or "Purzak") brings this action against Long Island Housing Services, Inc. ("LIHS"), as well as employees Maria T. Degennaro, Michelle Santantonio, Myrsa Bonet, Carrie Roman, John Doe 1-12 and Jane Doe 1-12 (collectively, "defendants") alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* ("Rehabilitation Act"), 42 U.S.C. § 1985, as well as numerous causes of action under state law.[1] Specifically, plaintiff alleges that LIHS discriminated against her when it subjected her to unequal terms of employment due to her disability.

Defendants now move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5).[2] For the reasons set

---

[1] Plaintiff originally proceeded *pro se*. After defendants filed their motion to dismiss, plaintiff retained counsel. However, this Memorandum and Order relates entirely to events that occurred while plaintiff was not represented by an attorney.

[2] Defendants also move to dismiss the complaint under Federal Rule of Civil Procedure (12)(b)(6), arguing that plaintiff has failed to state a claim under the ADA or the Rehabilitation Act because plaintiff's alleged impairment does not substantially limit major life activity, and that plaintiff has failed to state a claim under the ADA because LIHS is not subject to the ADA. Defendants also argue that plaintiff's Section 1985 claim is barred by the intra-corporate conspiracy doctrine and that all of plaintiff's state law claims should be dismissed. However, as the Court noted during the January 14, 2013 pre-motion conference, the Court must first decide whether service upon defendants was proper, and, if it was not, whether plaintiff should be given another opportunity to serve the complaint or whether this action should be dismissed. The Court informed defendants that they may also include arguments regarding substantive defects in the complaint in this motion, but that the Court would not adjudicate the Rule (12)(b)(6) issues at this time. Therefore, this Memorandum and Order only addresses defendants' arguments made pursuant to Rule 12(b)(5). As

forth below, defendants' motion to dismiss is denied.

I. BACKGROUND

A. Factual Background

Because the Court only addresses defendants' Rule 12(b)(5) motion, it is not necessary to review the underlying allegations contained within plaintiff's complaint. In short, plaintiff states that she has a circadian rhythm disorder called Advanced Sleep Phase Syndrome. (Compl. ¶ 13.)[3] Plaintiff began working at LIHS in March 2009. (*Id.* ¶ 39.) Plaintiff alleges that, despite her employer's knowledge that she needed a flexible work schedule to accommodate her disability, LIHS assigned plaintiff more work than any other employee and would not modify her schedule. (*Id.* ¶¶ 48-62.) Plaintiff also claims that she was subjected to harassment and other hostile work conditions as a result of her disability. (*See, e.g.*, *id.* ¶ 77.) LIHS allegedly denied plaintiff's request to work from home after she was placed on a continuous heart monitor. (*Id.* ¶¶ 78-79.) Plaintiff was terminated on August 6, 2010. (*Id.* ¶ 100.)

On January 11, 2012, plaintiff received a Right to Sue Notice from the U.S. Equal Employment Opportunity Commission. (Decl. of Thomas F. Liotti ("Liotti Decl.") Ex. 1, E-mail from New York District Office of U.S. Equal Employment Opportunity Commission attaching Dismissal and Notice of Rights, at 1-2.) The notice states that, if Purzak wishes to file a lawsuit under federal law, such a suit must be filed within 90 days of receipt of the notice. (*Id.* at 2.)

On January 12, 2012, plaintiff commenced an action against LIHS alleging violations of state law in State Supreme Court, Nassau County. (*See* Defs.' Mem. at 2; Pl.'s Opp'n at 9.) According to an affidavit filed in that action, plaintiff believed that her process server had properly effectuated service on an attorney at LIHS. (Liotti Decl. Ex. 2, Aff. of Lisa Purzak, Apr. 2, 2012 ("Purzak Apr. 2 Aff.") ¶¶ 6, 8.) Plaintiff attached an affidavit of service to that affidavit. (*Id.* at 18-19.) Plaintiff also e-mailed defendants' counsel in this matter on January 12, 2012 with a copy of the complaint. (Liotti Decl. Ex. 7, at 1.) On May 21, 2012, the court dismissed plaintiff's state court action due to ineffective service of process. (Decl. of Joseph J. Ortego ("Ortego Decl.") Ex. C, May 21, 2012 Order, at 1-2.)

On April 9, 2012, before plaintiff's state court action was dismissed and 89 days after plaintiff received her Right to Sue Notice, plaintiff filed a complaint in this Court. The case was assigned docket number 12-CV-1747. On April 23, 2012, this Court warned plaintiff that, if service was not made upon defendants by August 7, 2012, or plaintiff failed to show good cause as to why service had not been effectuated, her action would be dismissed without prejudice. (Order, 12-CV-1747, Apr. 23, 2012, ECF No. 3.) Plaintiff never filed an affidavit of service, nor did she request an extension of time to effectuate service. Although plaintiff has not submitted evidence that she properly effectuated service of the 12-CV-1747 complaint, plaintiff did e-mail the complaint and a waiver of service form to defendants' counsel on August 7, 2012. (Liotti Decl. Ex. 3.) However, on August 8, 2012,

---

discussed *infra*, the Court is granting plaintiff an extension of time to effectuate service. If defendants wish to move to dismiss under Rule 12(b)(6) on the same grounds previously asserted, defendants may submit a letter renewing their motion and the Court will set a briefing schedule. Defendants may also file a new motion.

[3] Although plaintiff has filed two separate complaints, one in 12-CV-1747 and one in 12-CV-4010, as discussed *infra*, it appears that the two complaints are identical.

2

defendants' counsel informed plaintiff that it was not authorized to accept service on behalf of LIHS or the individual defendants. (Liotti Decl. Ex. 5.) Defendants never signed the waiver of service.

On August 10, 2012, two days after the deadline to serve the 12-CV-1747 complaint had passed, plaintiff filed an identical complaint in this Court. The case was assigned docket number 12-CV-4010. On December 6, 2012, plaintiff served the complaint on the New York Secretary of State. (Liotti Decl. Ex. 10, at 1-7.) In addition, on December 7, 2012, one day before the deadline for serving the 12-CV-4010 complaint, plaintiff's process server served the complaint on Erik Heins ("Heins"), a staff attorney at LIHS. (*Id.* at 14.) In an affidavit in support of defendants' motion to dismiss, Heins states that he is not qualified to accept service of process on behalf of LIHS because he does not serve as legal counsel for LIHS; his sole role as an attorney for LIHS is to initiate lawsuits challenging housing discrimination. (Ortego Decl. Ex. D, Aff. of Erik Heins, ¶¶ 2, 4, 11.)

Plaintiff claims that LIHS failed to update its address with the Secretary of State, making service of process more difficult. (*See* Pl.'s Opp'n at 13; *see also* Liotti Decl. Ex. 9 (New York State Department of State records listing Islandia, New York address for LIHS, even though plaintiff alleges that LIHS is located in Bohemia, New York).) Defendants state that "LIHS may have inadvertently (and by no means willfully or intentionally) neglected to update its address with the Secretary of State . . . ." (Def.'s Reply at 2.) However, plaintiff has not submitted any evidence demonstrating that she attempted to serve the 12-CV-1747 complaint on LIHS through the Secretary of State, but that service could not be effectuated due to the incorrect address.

In her opposition to defendants' motion to dismiss, plaintiff does not argue that any exceptional circumstances prevented her from properly serving the complaint in 12-CV-1747. However, in an affidavit submitted in state court, plaintiff states that her husband sustained serious injuries from a car accident on February 19, 2012 and that her daughter is currently undergoing cancer treatments. (Purzak Apr. 2 Aff. ¶ 2.)

B.  Procedural History

As discussed *supra*, plaintiff filed the complaint in 12-CV-1747 on April 9, 2012. Plaintiff then filed an identical complaint complaint in 12-CV-4010 on August 10, 2012. On February 15, 2013, defendants filed a motion to dismiss. Plaintiff's counsel filed a notice of appearance on May 1, 2013, and plaintiff filed her opposition on June 3, 2013. Defendants submitted a reply in support of their motion on June 17, 2013. The Court held oral argument on September 12, 2013. The Court has fully considered all of the submissions of the parties.

II. STANDARD OF REVIEW

A.  Motion to Dismiss for Insufficient Service of Process

"Under Rule 12(b)(5), a party may file a motion to dismiss due to insufficiency of service of process." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007). In reviewing a motion to dismiss pursuant to Rule 12(b)(5), the Court "must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). "Conclusory statements are insufficient to overcome a defendant's sworn affidavit that he was not served." *Id.* If there are factual disputes that cannot be resolved through affidavits and other

3

submissions, an evidentiary hearing may be necessary. *See Falconer v. Gibsons Rest. Grp., L.L.C.*, 10 C 1013, 2011 WL 43023, at *2 (N.D. Ill. Jan. 6, 2011). "When a defendant challenges service of process, the burden of proof is on the plaintiff to show the adequacy of service." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010) (citation and internal quotation marks omitted).

### III. DISCUSSION

Defendants argue that: (1) plaintiff failed to serve the first complaint in 12-CV-1747; (2) plaintiff's service of the complaint in 12-CV-4010 was improper; (3) plaintiff's failure to serve the first complaint in 12-CV-1747 resulted in the expiration of the 90-day statute of limitations for filing federal claims, i.e., even if plaintiff properly served the second complaint, the statute of limitations had already expired; and (4) the Court should not grant plaintiff an extension of time to serve the complaint. For the reasons set forth below, the Court grants plaintiff an extension of time to serve the complaint in 12-CV-1747.

#### A. Service of Process

##### 1. Applicable Law

Service on an individual may be effectuated by: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2); *see also Jackson v. Cnty. of Nassau*, 339 F. Supp. 2d 473, 476 (E.D.N.Y. 2004). "The Federal Rules also authorize service of process pursuant to the law of the state in which the court is located, or service is effected," in this case, New York. *Jackson*, 339 F. Supp. 2d at 476. Service on a corporation may be effectuated in the same manner as service upon an individual, or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). In New York, corporations may also be served by effectuating service of process on the Secretary of State. *See* N.Y. C.P.L.R. § 306(b).

Under Federal Rule of Civil Procedure 4(m), a complaint must be served within 120 days of filing. However, if a plaintiff "shows good cause for the failure" to serve the complaint within the specified time, the court "*must* extend the time for service for an appropriate period." *Id.* (emphasis added). In addition, "district courts have discretion to grant extensions even in the absence of good cause." *Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996) ("[I]n [the] 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120–day period even if there is no good cause shown." (citation and internal quotation marks omitted)); *Morris v. Ford Motor Co.*, 07-CV-424S, 2009 WL 2448473, at *3 (W.D.N.Y. Aug. 7, 2009) ("Even though an extension of time to effect service is not mandatory under Rule 4(m) in this case because plaintiff has failed to show good cause, the Court may, in its discretion, still extend the deadline rather than dismiss the case for improper service." (citation and internal quotation marks omitted)).

4

In *Zapata*, the Second Circuit held that district courts have significant discretion in determining whether an extension of time is warranted. 502 F.3d at 197 ("[W]e owe deference to the district court's exercise of discretion whether or not it based its ruling on good cause."); *id.* ("Where, as here, good cause is lacking, but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice, we will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." (footnote omitted)). In addition, the Second Circuit stated that whether the district court engages in a "bifurcated inquiry" "to first evaluate good cause and then demonstrate [its] awareness that an extension may be granted even in the absence of good cause" or whether the court simply weighs the "overlapping equitable considerations" relevant to both inquiries is "best left to the district court." *Id.*

"A party seeking a good cause extension bears a heavy burden of proof." *Alvarado v. Am. Freightways, Inc.*, 04 CIV. 9536, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (citation and internal quotation marks omitted); *see also Madison v. BP Oil Co.*, 928 F. Supp. 1132, 1137 (S.D. Ala. 1996) ("[C]ourts have found that factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process" satisfy the good cause requirement.). In addition, "[t]he diligence of the plaintiff's efforts to effect proper service is an important consideration in a determination of good cause." *Alvarado*, 2005 WL 1467893, at *5. "A delay in service resulting from mere inadvertence, neglect, or mistake does not constitute good cause." *Id.* A plaintiff's *pro se* status is not grounds for an automatic extension of time to serve the complaint. *See G4 Concept Mktg., Inc. v. MasterCard Int'l*, 670 F. Supp. 2d 197, 199 (W.D.N.Y. 2009) ("[I]gnorance of the law, even in the context of *pro se* litigants, does not constitute good cause under Rule 4(m) . . . ." (alterations, citations, and internal quotation marks omitted)); *Madden v. Town of New Haven*, No. 07-CV-111, 2008 WL 2483295, at *2 (D. Vt. June 17, 2008) (stating that "*pro se* status alone does not constitute good cause").

Courts have typically weighed four factors in determining whether to grant an extension of time absent good cause: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Carroll v. Certified Moving & Storage, Co.*, 04 CV 4446, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005) (citation and internal quotation marks omitted). "Courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Id.* (citation and internal quotation marks omitted).

2. Analysis

Plaintiff has not met her burden of proof in demonstrating that she properly served defendants in 12-CV-1747. The only evidence in the record regarding plaintiff's attempt to serve defendants was the August

5

7, 2013 e-mail to defendants' counsel attaching the complaint and a request for a waiver of service. However, as discussed *supra*, defendants did not waive service of the complaint, nor did defendants' counsel accept the e-mail as service. In addition, under both the Federal Rules and New York's CPLR, e-mail is not one of the prescribed methods of service. In New York, e-mail service has only been allowed when service by conventional means is "impracticable" and the court explicitly authorizes "appropriate forms of alternate service." *Snyder v. Alternate Energy Inc.*, 857 N.Y.S.2d 442, 446-7 (N.Y. Cnty. Civil Ct. 2008). Although this Court must construe the Federal Rules "liberally" with *pro se* litigants, *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986), the deference to plaintiff's *pro se* status "does not extend to satisfying service of process requirements," *Peia v. U.S. Bankr. Courts*, No. 00-CV-2310, 2001 WL 789201, at *1 (D. Conn. May 22, 2001).

However, plaintiff's failure to timely serve the complaint is excused due to health issues in plaintiff's family. In an affidavit plaintiff submitted in state court, plaintiff states that her husband sustained serious injuries from a car accident on February 19, 2012 and that her daughter is currently undergoing cancer treatments. (Purzak Apr. 2 Aff. ¶ 2.) In a letter requesting adjournment of oral argument in this matter, plaintiff's counsel stated that plaintiff's daughter is still undergoing chemotherapy and other procedures related to her cancer diagnosis. (*See* Letter, July 19, 2013, ECF No. 24.) Many other courts have found good cause in analogous circumstances. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74-75 (6th Cir. 1994) (reversing district court's determination of no good cause when *pro se* plaintiff was paralyzed, had numerous other medical complications, and attempted to serve complaint); *Hollomon v. City of N.Y.*, No. 04-CV-2964, 2006 WL 2135800, at *3 (E.D.N.Y. July 31, 2006) (good cause found when some evidence indicated that counsel's failure to serve complaint within 120 days was an oversight, but other evidence indicated it was due to his mental illness). The Court finds that the serious medical issues of plaintiff's husband and daughter, combined with plaintiff's attempt to obtain a waiver of service, constitutes good cause. Therefore, under Rule 4(m), the Court is required to extend the time to effectuate service.

Even if plaintiff had not demonstrated good cause, the Court believes, in its discretion, that an extension of time to effectuate service should be granted. Reviewing the factors cited by *Carroll* and numerous other courts, three of the four factors weigh in favor of granting the extension.

First, and most importantly, dismissal of this action would bar plaintiff from re-filing the complaint because the statute of limitations has expired. Defendants argue that this favors dismissal because they would be prejudiced by an extension, but, in fact, "[c]ourts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Carroll*, 2005 WL 1711184, at *2 (citation and internal quotation marks omitted); *see also Hollomon*, 2006 WL 2135800, at *4 ("[A]s [defendants] acknowledge, if the claims were dismissed without prejudice as per Rule 4(m), plaintiff would be barred from refiling her Title VII claims. However, [defendants] erroneously conclude that, for this reason, the claims should be dismissed. Instead, it is exactly because of this procedural problem that discretionary extensions are granted."). "The rationale for this principle is that dismissal under these circumstances would extinguish potentially

6

meritorious claims without there being an opportunity to have them adjudicated on the merits." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt.*, L.P., 197 F.R.D. 104, 109-10 (S.D.N.Y. 2000); *cf. Cody v. Melli*, 59 F.3d 13, 15 (2d Cir. 1995) ("This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default."). Thus, this factor weighs strongly in favor of plaintiff. *See Morris*, 2009 WL 2448473, at *4 (holding that the running of the statute of limitations, while not "dispositive," "does weigh in Plaintiff's favor"); *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58-59 (E.D.N.Y. 2006) (granting extension where statute of limitations would bar refiled action); *Mejia v. Castle Hotel, Inc.*, 164 F.R.D. 343, 345-6 (S.D.N.Y. 1996) (same); Advisory Committee Notes for 1993 Amendments to Fed. R. Civ. P. 4(m) (stating that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action"); *see also Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir 2005) (upholding extension of time to serve complaint and stating that "[a]lthough the running of the statute of limitations does not require that a district court extend the time for service of process under the new rule, we agree with the district court that the circumstances of this case militate in favor of the exercise of the district court's discretion to do so" (internal citation omitted)); *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997) ("We conclude that [] the running of the statute of limitations is a factor supporting the discretionary *granting* of an extension of time to make service under Rule 4(m) . . . .").

Second, defendants had actual notice of the claims asserted in the complaint. Plaintiff originally filed a lawsuit related to the same incident in state court, and although defendants successfully filed a motion to dismiss that action for improper service, they had notice of the underlying claim. In addition, plaintiff e-mailed defendants' counsel a copy of this complaint before the 120-day period to serve expired. Thus, defendants were clearly aware of plaintiff's claims and, therefore, this factor weighs in her favor. *See Jordan v. Forfeiture Support Assocs.*, No. 11-CV-3001, 2013 WL 828496, at *10 (E.D.N.Y. Mar. 5, 2013) (granting extension of time where "it is undisputed that defendant received plaintiff's pleadings"); *DeLuca*, 695 F. Supp. 2d at 67 (granting extension of time when there was no dispute that the defective service gave defendant actual notice of the lawsuit).

The third factor, whether defendants have attempted to conceal the absence of service of process, is the only factor weighing in defendants' favor. However, this alone is not sufficient to deny the extension. *See Jordan*, 2013 WL 828496, at *10 (granting extension even when defendant did not attempt to conceal the defect in service because "this factor alone does not offset the numerous reasons that support granting plaintiff additional time to correct service of process"); *Feingold v. Hankin*, 269 F. Supp. 2d 268, 277 (S.D.N.Y. 2003) (granting extension even when statute of limitations did not bar refiling of action and defendant had not tried to conceal ineffective service).

The fourth factor weighs in plaintiff's favor. The only prejudice that defendants proffer is that they will be forced to defend this action even though the statute of limitations has expired. However, as discussed *supra*, "the obligation to defend this lawsuit if the extension is granted [] does not rise to the level of prejudice necessary to tip the balance of this factor in defendant[s'] favor." *Jordan*, 2013 WL 828496, at *10 (alterations, citation, and

7

internal quotation marks omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Barney Assocs.*, 130 F.R.D 291, 294 (S.D.N.Y. 1990) (stating that prejudice "involves impairment of the defendant's ability to defend on the merits, rather than merely foregoing such a procedural or technical advantage"). Defendants' argument is particularly unpersuasive in this case because they have known about plaintiff's claims since before she even filed this action in federal court, and, thus, defendants should be prepared to defend this lawsuit on the merits. *See AIG Managed Mkt.*, 197 F.R.D. at 111 (granting extension and stating that defendant's arguments of prejudice were "weaken[ed]" when it knew there might be potential claims against it and defendant's counsel attended some of the depositions taken in connection with the claims against the co-defendants); *see also Boley*, 123 F.3d at 759 ("[A]ctual notice to a defendant that an action was filed militates against a finding of prejudice.").

Therefore, after considering the four relevant factors that courts in this Circuit consider when determining whether to grant a discretionary extension of time to serve, the Court finds that these factors weigh strongly in favor of an extension.[4]

IV. CONCLUSION

For the foregoing reasons, the Court denies defendants' motion to dismiss the complaint. Plaintiff shall properly serve the complaint by September 30, 2013.

SO ORDERED

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 13, 2013
        Central Islip, NY

\* \* \*

Plaintiff is represented by Thomas F. Liotti, Law Offices of Thomas F. Liotti, 600 Old Country Road, Suite 530, Garden City, NY 11530. Defendants are represented by Joseph John Ortego and Thomas M Mealiffe, Nixon Peabody LLP, 50 Jericho Quandrangle, Suite 300, Jericho, NY 11753 and Tracey B. Ehlers, Nixon Peabody LLP, 40 Fountain Plaza, Buffalo, NY 14202.

---

[4] Because the Court finds that an extension of time should be given for plaintiff to properly serve the complaint in 12-CV-1747, the Court does not need to decide whether the complaint in 12-CV-4010 was properly served and whether that complaint was filed within the applicable statute of limitations. The Clerk of the Court shall close 12-CV-4010. All future filings on this case should be made in 12-CV-1747.

8